### MARY T. MIDDLETON v. EMMA WESTENEY. ,

**1. OMISSION OF AVERMENT AS TO POSSESSION NOT OBJECTIONABLE AFTER TRIAL.**

A failure to make an averment in a petition in ejectment, that the defendant unlawfully keeps the plaintiff out of the possession of the land claimed, when it does allege "and has so unlawfully kept her out of said possession continually since on or about the 2nd of September, 1886," is not fatal, where no objection was made to the petition by motion or otherwise, until after verdict and judgment for the defendant, or until the filing of a petition in error by plaintiff, and where the whole case was tried in the common pleas court as if the proper allegation had been made.

**2. PLAINTIFF MAY BE NONSUITED FOR FAILURE TO MAKE OUT PRIMA FACIE CASE**

Where the title of the plaintiff is denied by the answer of the defendant, and possession of the land claimed is, by force of the statute, thereby admitted by the defendant, to entitle the plaintiff to recover, he must show a better title to the land in controversy than that of the defendant. A prima facie case is made by his showing a conveyance to him or one of his grantors in his chain of title, by one then in the possession and occupancy of the land in question. If this is not done, he must run his title by deed or other necessary proof, to some one shown or admitted to be the common source of title, to him and the defendant and in default of there being such common source of title, back to the government. And on his failure to offer evidence tending to do either, it is not error in the trial court to withdraw the evidence from the jury and render a judgment for the defendant.

**3. UPON DESTRUCTION OF RECORDS, SECONDARY EVIDENCE OF CONTENTS OF A DEED IS NOT ADMISSIBLE UNLESS PROOF OF LOSS OF DEED.**

Whether a memorandum, made by an attorney at law in the examination of the title in question, and which he testifies he believed to be correct, and which purports to give the names of the grantors and grantees to such deed, the date thereof and the consideration named, and the date of the record, with the description of the lot conveyed, and that it was duly signed and sealed, "two witnesses, duly acknowledged in Jefferson county, Ind.," and where such record in the office of the county recorder, was shown to have been afterwards destroyed by fire, was competent evidence: *Quære.* But in this case, the original having been shown to have been in existence some time before the trial, and its absence not having been satisfactorily accounted for, such deed is the best evidence of its contents, and the memorandum was properly excluded by the court.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The action of the plaintiff below, Mrs. Middleton, was to recover the possession of a strip of ground about two feet in width off the south side of lot No. 78, in Kemper's subdivision, on Walnut Hills. She alleged in her petition that she had a legal estate in, and was entitled to the possession of the whole of lot 78, which is particularly described as a whole, and then she describes that strip on the south side of the lot. By mistake doubtless, the petition omits to aver that the defendant unlawfully keeps her out of the possession thereof, but says (without naming who does so), "and has so unlawfully kept her out of said possession, continuously since on or about September 2, 1886, to the damage of the plaintiff, $200."

No objection was made by the defendant to the form of the petition, but an answer was filed denying each and every allegation in the petition, and particularly denying that the plaintiff had any title to, or was entitled to, the possession of the real estate described in the petition. This, under the provisions of the statute, sec. 5782, Rev. Stat., was an admission that the defendant was in possession of that part of lot 78 sued for.

It is too late, we think, for the defendant in error, now to object to the form of the petition, and to the omission of the averment therefrom, that the defendant unlawfully kept the plaintiff out of the property described. This was the question to which the whole of the evidence was directed, and certainly the defendant could not have been prejudiced, even if the judgment had been against her, by what was

manifestly a clerical error in the drafting of the petition, and no objection having until now been taken to it, we cannot see that it would be in accordance with law or justice, that we should, for this reason, decline to see whether the plaintiff was prejudiced by the rulings of the court complained of.

At the trial, the plaintiff sought to make out her case, by proving her title to the whole of lot No. 78, by a line of deeds, back to Stephen Kemper, who, as claimed by her counsel in argument, at one time was the owner of the whole tract of which such lot 78, and lot 77, which adjoined lot 78 on the south, was a part, and which last lot was claimed by the defendant. And therefore that Stephen Kemper was the common source of title. She also sought to prove that the defendant was in possession of the strip in dispute; which it was unnecessary to do, as the answer by operation of the statute admitted this.

In the effort of the plaintiff to prove her title by deed to lot 78, and thus to the strip in controversy, one of the links in the chain was missing, viz.: an alleged deed of John B. Todd, and Nancy, his wife, the latter of whom was shown to be one of the heirs-at-law of Stephen Kemper, dec'd, whose title was not proved on the theory that he was the common source of title of both parties. It was quite satisfactorily shown that on the death of Stephen Kemper a partition of a tract of 27 acres was made among his heirs, lot 78 having been set apart to Mrs. Todd, and lot 77 to George Kemper, and that deed book No. 190, of Hamilton county records, page 11, had contained a copy of what purported to be a deed from John B. Todd and Nancy Todd for the lot in question, and that this record had been destroyed in the court house fire of 1884. It was sought by parol evidence to show what the record of this deed contained, and a ruling was made as to part of the evidence so offered, excluding the same, to which the plaintiff excepted, and claims that the ruling was erroneous.

Mr. Coppock had testified that he was examining the title of lot 78 in January, 1884 prior to the fire, and that he had then seen this record and that it purported to be a deed for this lot from John B. Todd and wife, to Robert A. Todd. He further said in substance that he had no recollection whatever of this deed aside from the notes then made in regard to it or when refreshed by an examination thereof, but he was satisfied he made the memorandum at the time, and truly made it. Plaintiff then offered the memorandum so made in evidence which was as follows:

"Deed recorded May 21, 1853.

John B. Todd )          Book 190, 11,
        to    )   Dated May 6th, 1853.
Robt. A. Todd )      Con. $4000.00.

"John B. Todd and Nancy, his wife, convey to Robert A. Todd, and heirs among others lot No. 78 on plat for subdividing among heirs the estate of Stephen Kemper, dec'd. Belonging to Nancy Todd as heir.

"Wife joins throughout. Duly signed and sealed. 2 witnesses duly acknowledged in Jefferson County, Ind."

This memorandum so offered in evidence the court refused to receive, and plaintiff excepted.

Whether this memorandum as a whole, with what seem to be the conclusions of the person making it, as to the deed being duly signed and sealed. and duly acknowledged, was admissible in connection with the other evidence of Mr. Coppock, which was received, or any part of it, is a question as to which there seems a conflict of authorities, and as to which the members of this court might differ. We do not deem it necessary to decide it, in view of the other facts which appear.

It was shown in the case, that what purported to be this original deed from Todd and wife, had, until within a few years, been in the possession of the attorney for Black & Ebersole (who seem to have owned lot 78, or held a deed therefor from May 21, 1853, to July 23, 1866,) and who held it with other of their title papers. This attorney testified that he did not know where this deed was; that he had searched for it among his papers, but could not find it; that he had returned some of the papers to Black & Ebersole. Subsequently the witness stated that he was

then of the impression that he did not so return it, and that it was probably lost with other of his papers; but the evidence on this point was extremely vague and unsatisfactory. No effort was shown to ascertain if it was in the possession of Black & Ebersole or their representatives.

If this deed was in existence, it was the best evidence of what it contained, and its non-production should have been accounted for before proof of the contents of the record was admissible. It is only by virtue of sec. 4143, Rev. Stat., that a certified copy of such a record becomes "*prima facie* evidence of the existence of such instrument and conclusive evidence of the existence of such record," and when the record is destroyed, and no such transcript is produced, the deed itself must be produced, or its absence accounted for, before parol proof of its contents or of the contents of the record of it can be given. The bill of exceptions does not say that it contains all of the evidence given on this or any point, and we cannot say therefore that the court erred in excluding this memorandum. But even if there was error as to this, as the proof of title made by plaintiff, in other respects, we think, was wholly insufficient, the admission of the evidence would not have shown the title of plaintiff, and the error would not therefore be prejudicial.

The next question is, whether the court erred in withdrawing the evidence from the jury, and in rendering a judgment for the defendant. We are of the opinion, in view of the decision of this court in the case of Mack, Stadler & Co. v. Great Western Despatch, 2 Ohio Circ. Dec., 22, and of the reasons there stated, that we can consider this question on the bill of exceptions, as to the propriety of this ruling, though it is not certified therein that it contains all of the evidence.

It is the settled rule in cases of this kind that the plaintiff must show a better title to the land in question than his adversary in possession, to entitle him to recover. He can make a *prima facie* case by showing a conveyance of the land in question to him, by some one then in the occupancy and possession thereof. Proof of the deed alone would not be sufficient. If such possession of his grantor, or of some grantor in the chain of his title is not shown, he must run his title by deed, or some necessary proof back to some one shown or admitted to be the common source of title to him and his adversary, and in default of there being such common source of title, back to the government.

In this case the plaintiff did not produce any evidence tending to prove the possession of this lot 78 in any of her grantors, and therefore sought to go back with her title to Stephen Kemper, who she claimed was the common source of title. There was no admission by defendant or proof that he was. But not only did she fail to prove the deed of Todd and wife to Todd, which was necessary to take her back to Stephen Kemper, but another necessary link was wanting. The property was conveyed to Mrs. Middleton by Clark Batchelor and Minnie L. Batchelor. No title was shown in either of them. Black & Ebersole had conveyed the lot to Ann Eliza Batchelor. No proof was offered that she was dead, or if so, whether she died intestate, or who were her heirs-at-law, other than the recital in the deed of Clark and Minnie to Mrs. Middleton—which does speak of Clark Batchelor as being the surviving husband and Minnie L. Batchelor as the sole heir of said Eliza Ann Batchelor. The genuineness of this deed was admitted by the counsel for defendant on the trial—that is, as we understand, to save the necessity of proving its execution—but there was no admission of the truth of the recitals therein, and being in a deed to which Mrs. Westeney, the defendant, is a stranger, she is not bound thereby, and proof as to the title of Clark and Minnie Batchelor was necessary.

There was a failure, too, to show that Stephen Kemper was the common source of title. The lot of defendant (No. 77) was shown to have come by deed from George Kemper to Walker Shackelford. Then follows a deed purporting to be from Caroline E. Shackelford, widow of Walker, to Walker C. Shackelford. Then a deed of Caroline E. Shackelford, as guardian of Walker C. Shackelford, to John P. Street, the grantor of Mrs. Westeney. There was no proof of the death

of Walker Shackelford, or the title of Caroline or Walker C. Shackelford to lot 77, so as to make the title of defendant run back to Kemper, and the plaintiff, not having shown a common source of title, was bound to go back with her title to the government.

A deed from W. A. Boone to Minnie L. Batchelor, for lot 78, was offered in evidence. It is claimed that this was to convey a title acquired by him thereto at a tax sale. But there was no attempt whatever to show any title thereto in Boone, and the evidence was worthless.

We think the court did not err in withdrawing the evidence from the jury and in rendering judgment for the defendant, though we apprehend, that thereby, owing to the want of proper evidence, substantial justice may not have been done. The judgment must be affirmed.

J. T. Harrison, for plaintiff in error.
Wilby & Wald, for defendant in error.